PAUL E. DANIELSON, Justice, dissenting. Because I cannot abide by the majority’s substitution of its judgment for that of the circuit court and because I do not agree that the circuit court clearly erred in denying Tamera’s petition to terminate the guardianship, I respectfully dissent. Our standard of review in these cases is longstanding and quite clear: we review probate proceedings de novo, but we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. See Graham v. Matheny, 2009 Ark. 481, 346 S.W.3d 273. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. See id. When reviewing the proceedings, we give due regard to the opportunity and superior position of the probate judge to determine the credibility of the witnesses. See id. The majority’s opinion, however, represents quite a sea change in the manner by which this court will now review a case such as this one. Instead of adhering to our standard of review, the majority opinion wholly ignores the circuit court’s decision in this case and replaces it with its own — annihilating our role as an appellate court to review. By its doing so, I am left to wonder if there is any longer a need to allow the circuit court to evenlajConsider these matters first.[1] At the very least, I am troubled by the precedent being set by the majority’s actions. In addition, I believe that the majority opinion has removed any discretion by the circuit court in deciding a petition to terminate guardianship. Ark. Code Ann. § 28-65-401(b)(3) (Repl. 2012) (providing that a “guardianship may be terminated by court order after such notice as the court may require ... [i]f, for any other reason, the guardianship is no longer necessary or for the best interest of the ward”). While stating its recognition of this court’s precedent in the first appeal in this matter, the majority basically overrules that decision, without so stating, and holds that merely “informing the court that the conditions necessitating the guardianship no longer exist” is all that is required. That, in my opinion, flies in the face of our earlier decision, wherein we specifically held that “when a natural parent, who has not been deemed unfit and who has consented to a guardianship, files a petition to terminate that guardianship, that parent must put forth evidence that the guardianship is no longer necessary.” In re Guardianship of S.H., 2012 Ark. 245, at 15, 409 S.W.3d 307, 316 (S.H. (I) ) (emphasis added). Here, the circuit court held Tamera to the showing required in S.H. (7)and concluded in its letter opinion that the “conditions still indicate an unstable situation.” [2] |29Pespite the fact that the circuit court did precisely as this court instructed in S.H. (I), the majority nonetheless reverses the circuit court’s decision. I shudder to think that the majority’s reversal is nothing more than the result of the dissent in S.H. (I) now having a majority to reverse our prior holding. But whatever the majority’s rationale, I simply cannot say that the circuit court clearly erred in its decision, based on my review of the record and the circuit court’s findings under our standard of review. For this reason, I would affirm the circuit court’s denial of Tamera’s petition. While not necessary to its decision, the circuit court did go further and concluded that even if Tamera had put forth evidence that the conditions necessitating the guardianship had been removed, the Her-ringtons had rebutted the presumption that termination of the guardianship was in S.H.’s best interest. The majority con-eludes that this decision was erroneous as well because the circuit court “failed to credit Tamera’s fundamental right to care for her daughter and gave no weight to her rights as the natural parent.” In S.H. (I), we held that a parent, who has not been found unfit and who consented to a guardianship, is entitled to the presumption that she or he is acting in the child’s best interest in a proceeding to terminate that guardianship. See S.H. (I), 2012 Ark. 245, 409 S.W.3d 307. The majority’s observation, however, indicates a flawed understanding of our further holding in S.H. (I) — that a natural parent’s fundamental right to the care, custody, and control of her or his child is recognized and afforded weight by virtue of the | snrebuttable presumption given that parent that termination of the guardianship is in the child’s best interest. See id. The fact that a presumption is afforded to that parent is itself the recognition and protection of the parent’s fundamental right to parent. See Black’s Law Dictionary 1378 (10th ed. 2014) (defining “rebut-table presumption” as “[a]n inference drawn from certain facts that establish a prima facie case, which may be overcome by the introduction of contrary evidence”). When the circuit court in the instant case gave Tamera the benefit of the presumption and required the Herringtons to rebut it, the circuit court gave the requisite weight to Tamera’s fundamental right and protected it, just as we held in S.H. (I). On a final note, I would be remiss if I did not point out the danger in the majority’s directive to the circuit court to return S.H. to Tamera’s custody, when it does not have the benefit of knowing the events and circumstances since the filing of this appeal. See Ingle v. Ark. Dep’t of Human Servs., 2014 Ark. 53, 431 S.W.3d 303 (Dan-ielson, J., concurring in part and dissenting in part). It was a dangerous precedent in Ingle, from which I vigorously dissented, and I remain steadfast in my position, most certainly after my very fears were confirmed in that case. See Ingle v. Ark. Dep’t of Human Servs., 2014 Ark. 471, 449 S.W.3d 283. As I have already noted, even if the circuit court had erred, the proper remedy would be a reversal of the circuit court’s decision and a remand to the circuit court for further proceedings. See Graham, 2009 Ark. 481, 346 S.W.3d 273. Because the majority’s opinion and its actions therein far exceed our role as a court of appellate review, and because, after having exercised the appropriate review in such | ai cases, I would affirm the circuit court’s order denying Taniera’s petition to terminate the guardianship, I respectfully dissent. Hannah, C.J., joins. . In its attempt to justify the substitution of its judgment for that of the circuit court, the majority states that it can do so because the circuit court applied an incorrect standard and because the matter has been pending for several years. Even if the circuit court applied an incorrect standard, which I in no way concede that it did, the proper remedy would be a reversal of the circuit court’s decision and a remand for the circuit court to apply the correct standard. See Graham, 2009 Ark. 481, 346 S.W.3d 273. More importantly, it is not, and has never been, this court’s function, no matter the circumstances, to ever "consider the evidence and apply the appropriate standard,” as asserted by the majority. To do so under the guise of de novo review is simply wrong. . The circuit court incorporated its letter opinion into its order denying Tamera's petition.